FILED
IN OPEN COURT

AUG 1 5 2007

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:07CR186 |
| | ) | |
| RODNEY L. BYRD, | ) | |
| | ) | The Honorable Liam O'Grady |
| Defendant. | ) | |

## STATEMENT OF FACTS

Were this matter to go to trial, the United States of America would prove the following facts beyond a reasonable doubt:

1. From in or about Winter 2005, and continuing thereafter up to and including May 2007, in Dumfries, Virginia, within the Eastern District of Virginia, and elsewhere, the defendant, RODNEY L. BYRD, unlawfully, knowingly, and intentionally combined, conspired, confederated, and agreed with other persons, both known and unknown, to unlawfully, knowingly and intentionally distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine," a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

2. This Statement of Facts does not contain each and every fact known to the defendant and to the United States concerning the defendant's or others' involvement in the charge set forth in the plea agreement.

3. Defendant has been distributing crack cocaine since in or about Winter 2005. Beginning in January 2006, one of defendant's crack cocaine sources was conspirator Kareem

Saunders, from whom defendant purchased 1/2 ounce and 1 ounce quantities of crack cocaine on a weekly basis until in or about July 2006.

4.  On or about February 10, 2006, while driving his wife's 1996 GMC Jimmy SUV, bearing Virginia tag JWF 6616, defendant was arrested on Richmond Highway, in Fairfax County, Virginia, within the Eastern District of Virginia, following a traffic stop by officers with the Fairfax County Police Department. Defendant was arrested for possession of crack cocaine with intent to distribute and possession of a concealed weapon by a felon. Defendant possessed approximately 1.25 ounces of crack cocaine which was located in a Ziploc plastic baggie above defendant's left front pocket. The baggie contained approximately forty small jewelers bags with rocks of crack cocaine, as well as several other chunks of rock crack cocaine. Defendant also possessed approximately $280.00 in U.S. currency, a small pocketknife in his right front pocket, and a large knife underneath the front passenger's seat. Prior to the traffic stop, defendant had just sold a "$10" rock of crack cocaine to a customer on Arlington Drive.

5.  On or about May 30, 2006, while being driven by another individual in his wife's 1996 GMC Jimmy SUV, bearing Virginia tag JWF 6616, defendant was arrested on Route 1 at Huntington Avenue, in Fairfax County, Virginia, within the Eastern District of Virginia, by officers with the Fairfax County Police Department. Defendant was arrested for distribution and possession with intent to distribute crack cocaine after having distributed a $50 rock of crack cocaine (approximately 1/2 gram of crack cocaine) to a prostitute. Defendant also possessed approximately 27 grams of crack cocaine which was hidden in his pants. During a post-*Miranda* interview, after waiving his rights, defendant admitted to distributing the crack cocaine and to possessing the

additional crack cocaine in his pants, which he placed there to avoid its detection by law enforcement.

6.     Beginning in or about late December 2006, and continuing thereafter up to and including March 5, 2007, defendant obtained crack cocaine from conspirator Christine A. Hale (hereinafter "Hale"), known to defendant as "Snowflake." Defendant paid Hale for the purchase of at least 1/2 ounce to 1 ounce of crack cocaine every other day from her multiple sources in Washington, D.C., which defendant then re-distributed to crack cocaine users and other drug dealers in Prince William County, Virginia, in the Eastern District of Virginia, and elsewhere. Defendant rode with Hale and co-defendants Aubrey B. Sneed, Terry Swaney, and others on several occasions to obtain the crack cocaine.

7.     On several occasions, co-defendant Aubrey B. Sneed lent his (Sneed's) Dodge Ram pick-up truck to conspirator Hale to obtain crack cocaine for defendant and others for purposes of re-distribution in Prince William County, Virginia. On one of these occasions, on or about February 22, 2007, Hale was arrested by District of Columbia Metropolitan Police at approximately 8:00 p.m., on Chesapeake Street in Southeast Washington, D.C., and possessed at the time approximately 80 grams of crack cocaine which she had just obtained from her source for defendant and others for re-distribution in Prince William County, Virginia.

8.     On or about February 23, 2007, co-defendant Aubrey B. Sneed distributed five rocks of crack cocaine (approximately 1.8 grams) for $100 to a crack cocaine customer who was conducting a controlled buy at the direction of law enforcement at a known drug house located on Point Pleasant Lane, Dumfries, Virginia, within the Eastern District of Virginia. Sneed obtained the crack cocaine from defendant and distributed it on his behalf.

9. In or about mid-February 2007, defendant, Sneed, Hale, and other co-conspirators were at a known drug house located on Evansdale Drive, Dale City, Virginia, in the Eastern District of Virginia, belonging to Gregg and Linda Vickery, known to defendant as "Mom and Pops." The purpose of defendant's visit was to engage in drug transactions at the home, including the purchase of crack cocaine from Hale.

10. On or about March 21, 2007, co-defendants Nicole L. Whitaker, Hanna M. Teklu, Rebecca E. Rothlein, and another female conspirator were arrested by Prince William County, Virginia law enforcement authorities for possession of crack cocaine with intent to distribute. The women were arrested in a motel room at the Econo Lodge motel, located in Dumfries, Virginia, within the Eastern District of Virginia. Recovered by law enforcement from the room were the following drugs and paraphernalia belonging to defendant and others: at least 10 grams of crack cocaine packaged in distribution quantities, several digital scales (used to weigh drugs for distribution), approximately 200 jewelry bags (used to package drugs for distribution), and several crack pipes. All four of the women arrested worked for defendant in his drug trafficking activities.

11. From in or about the time of Hale's arrest in early March 2007, on drug charges, and continuing thereafter until the time of his arrest on May 13, 2007, on drug charges in Prince William County, Virginia, defendant obtained crack cocaine from another source in Washington, D.C., that he met through Hale. Defendant purchased 1/2 ounce to 1 ounce quantities of crack cocaine from this source several times per week. Sometimes defendant would have to wait while the source finished cooking the crack cocaine.

12. Upon obtaining crack cocaine from his various sources and following its transport to Prince William County, Virginia, defendant would cut and package the crack cocaine into

distribution quantities. Defendant typically prepared packages of drugs containing seven (or multiples of seven) "$20" or "$50" rocks of crack cocaine (approximately 1/4 gram and 1/2 gram of crack for each rock, respectively) which defendant then fronted on a daily basis to his drug "runners," including, but not limited to, co-defendants Terry Swaney, Aubrey R. Sneed, Nicole L. Whitaker, Hanna M. Teklu, Ralph Ewell, and others, who distributed the drugs on defendant's behalf and then returned the profits from the sale of those drugs to defendant.

13. Defendant and defendant's drug runners distributed the crack cocaine to drug users and drug dealers at various locations in Prince William County, Virginia, within the Eastern District of Virginia, including, but not limited to: Gregg and Linda Vickery's residence (known to defendant as "Mom and Pops") in Dale City, Virginia; a townhouse on Point Pleasant Lane, in Dumfries, Virginia, where Hale, defendant, and other co-defendants and conspirators often stayed; an apartment on Tyler Circle, in Woodbridge, Virginia; a residence on Forestdale Drive, in Dale City, Virginia; a residence on Burleigh Lane, in Dale City, Virginia; and several motels, including the Sleep Inn, Super 8, and Econo Lodge in Dumfries, Virginia, and the Rodeway Inn in Woodbridge, Virginia. Oftentimes, the owners of the residences would receive personal use amounts of crack cocaine from defendant or his runners in exchange for allowing the drug deals to take place at their residences.

14. The conspiracy defendant was engaged in consisted of five or more participants and defendant played an organizer and leadership role such that defendant:

    (a) directed others to coordinate and obtain multiple ounce purchases of crack cocaine for him on a weekly basis from their crack cocaine sources in Washington, D.C., and

elsewhere, for purposes of re-distribution in Prince William County, Virginia, within the Eastern District of Virginia, and elsewhere;

(b) directed others, including co-defendants Terry Swaney, Aubrey B. Sneed, Nicole L. Whitaker, Rebecca E. Rothlein, and conspirator Christine A. Hale, to transport him, in their, his, or his wife's vehicles, to various locations within Washington, D.C., Maryland, and Virginia, and elsewhere, to obtain the crack cocaine for purposes of re-distribution in Prince William County, Virginia;

(c) lent several vehicles owned by him or his wife to his drug associates to obtain, transport, and then distribute his crack cocaine in Prince William County, Virginia;

(d) paid others, often in personal use amounts of crack cocaine, for allowing him and his drug associates to conduct drug transactions in their residences;

(e) managed the distribution of his crack cocaine by fronting packages of crack cocaine, compromised of seven or more baggies of "$20," "$50," and other quantity rocks of crack cocaine, to no less than five drug runners, who distributed defendant's packaged crack cocaine on his behalf to drug customers within Prince William County, Virginia, and returned the cash proceeds from those sales to defendant;

(f) cut and packaged crack cocaine for re-distribution, and had others assist him in the packaging of his crack cocaine, for example, by purchasing for him the small baggies used to package the crack cocaine for re-distribution; and

(g) paid for, supplied and utilized cellular phones and/or calling cards to facilitate the communication between himself and his co-defendants and conspirators regarding the activities of the drug enterprise and to coordinate drug deals.

15. During the course of the conspiracy, the defendant was personally involved in the distribution of crack cocaine, or it was reasonably foreseeable to the defendant that his conspirators purchased and distributed crack cocaine in furtherance of the conspiracy, in the amount of at least 1.5 kilograms of crack cocaine (Base Offense Level 38).

16. The acts taken by the defendant, RODNEY L. BYRD, in furtherance of the offense charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offense charged in this case nor does it identify all the persons with whom the defendant may have engaged in illegal activities. The defendant further acknowledges that he is obligated under this plea agreement to provide additional information about this case beyond that which is described in the Statement of Facts.

17. The Statement of Facts shall be admissible as a knowing and voluntary confession in any proceeding against the defendant regardless of whether the plea agreement is presented to or accepted by a court. Moreover, the defendant waives any rights that the defendant may have under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the Statement of Facts in any such proceeding.

Respectfully submitted,

Chuck Rosenberg
United States Attorney

By: _____
Meredith A. Mills
Special Assistant United States Attorney

Defendant's Signature: After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, RODNEY L. BYRD, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
RODNEY L. BYRD
Defendant

Defense Counsel's Signature: I am RODNEY L. BYRD's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
John O. Iweanoge, Jr., Esquire
Counsel for Rodney L. Byrd