IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO: 1:07CR186 |
| v. | ) | |
| | ) | Sentencing Date: November 9, 2007 |
| RODNEY L. BYRD, | ) | |
| | ) | The Honorable Liam O'Grady |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES**
**WITH RESPECT TO SENTENCING FACTORS**

The United States of America, through its attorneys, Chuck Rosenberg, United States

Attorney, and Meredith A. Mills, Special Assistant United States Attorney, and in accord with 18

U.S.C. § 3553(a) and the United States Sentencing Commission, *Guidelines Manual,* § 6A1.2

(Nov. 2006) (as amended by the changes to the crack cocaine guidelines which went into effect

November 1, 2007), files this Position of the United States with Respect to Sentencing Factors in

the instant case.  The United States believes that the Sentencing Guidelines establish a

reasonable sentencing range that appropriately accounts for each of the factors set forth in 18

U.S.C. § 3553(a).

**BACKGROUND**

Defendant was indicted on May 17, 2007, following an investigation by the Bureau of

Alcohol, Tobacco, Firearms, and Explosives (ATF) which revealed that the defendant was

involved with at least six other co-defendants in a conspiracy to distribute crack cocaine (a

Schedule II controlled substance) from various crack houses in Dumfries, Dale City, and

Woodbridge, Virginia, within the Eastern District of Virginia, and elsewhere. An arrest warrant

was issued contemporaneously with that indictment. Defendant was arrested on June 12, 2007,

and detained following a detention hearing before this Court when Your Honor sat as a Magistrate Judge.

On August 15, 2007, the defendant entered a guilty plea to Count One of the indictment charging him with conspiracy to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Defendant was held accountable under the plea to distributing at least 1.5 kilograms of crack cocaine (Base Offense Level 38 under the guidelines in existence at that time). Counts Three through Five (which related to substantive possession with intent to distribute crack cocaine charges) and Count Six (a charge for possession of a firearm in furtherance of a drug trafficking crime) were dismissed as part of the plea.

In the Statement of Facts filed with the plea, the defendant admitted that he had been distributing crack cocaine since Winter 2005 and that in the beginning of January 2006, one of his crack cocaine sources was conspirator Kareem Saunders, from whom defendant purchased 1/2 ounce and 1 ounce quantities of crack cocaine on a weekly basis until in or about July 2006.

On February 10, 2006, while driving his wife's 1996 GMC Jimmy SUV, the defendant was arrested on Richmond Highway, in Fairfax County, Virginia, following a traffic stop by Fairfax County officers, for possession of crack cocaine with intent to distribute and possession of a concealed weapon by a felon.  Defendant possessed approximately 1.25 ounces of crack cocaine which was located in a Ziploc plastic baggie above the defendant's left front pocket. The baggie contained approximately forty small jewelers bags with rocks of crack cocaine, as well as several other chunks of rock crack cocaine. Defendant also possessed approximately $280.00 in U.S. currency, a small pocketknife in his right front pocket, and a large knife underneath the front passenger's seat. Prior to the traffic stop, the defendant had just sold a "$10" rock of crack

cocaine to a customer on Arlington Drive.

On May 30, 2006, while being driven by another individual in his wife's 1996 GMC Jimmy SUV, defendant was again arrested by Fairfax County law enforcement, this time for distribution and possession with intent to distribute crack cocaine after having distributed a $50 rock of crack cocaine (approximately 1/2 gram of crack cocaine) to a prostitute. Defendant also possessed approximately 27 grams of crack cocaine which was hidden in his pants. During a post-*Miranda* interview, after waiving his rights, the defendant admitted to distributing the crack cocaine and to possessing the additional crack cocaine in his pants, which he placed there to avoid its detection by law enforcement.

Notwithstanding these drug related arrests, beginning in late December 2006, and continuing through March 5, 2007, defendant obtained crack cocaine from conspirator Christine A. Hale (Hale was arrested on March 5, 2007, and is set for sentencing before Judge Ellis in November as a result of her participation in this overarching conspiracy). Defendant paid Hale for the purchase of at least 1/2 ounce to 1 ounce of crack cocaine every other day from her multiple sources in Washington, D.C., which the defendant then re-distributed to crack cocaine users and other drug dealers in Prince William County, Virginia. Defendant rode with Hale and co-defendants Aubrey B. Sneed, Terry Swaney, and others on several occasions to obtain the crack cocaine.

On several occasions, at the defendant's insistence, Sneed lent his Dodge Ram pick-up truck to Hale to obtain crack cocaine for the defendant and others. On one of these occasions, on February 22, 2007, Hale was arrested by District of Columbia Metropolitan Police at approximately 8:00 p.m., on Chesapeake Street in Southeast Washington, D.C. (a well known

area for drug activity), and found in possession of approximately 80 grams of crack cocaine which she had just obtained from her source for the defendant and others to facilitate their drug trafficking activities in Prince William County, Virginia.

On February 23, 2007, Sneed distributed five rocks of crack cocaine (approximately 1.8 grams) for $100 to a crack cocaine customer who was conducting a controlled buy at the direction of law enforcement at a known drug house located on Point Pleasant Lane in Dumfries, Virginia. Sneed obtained the crack cocaine from defendant and distributed it on his behalf.

In mid-February 2007, defendant, Sneed, Hale, and other co-conspirators were at a known drug house located on Evansdale Drive, Dale City, Virginia; this house belonged to Gregg and Linda Vickery, known to defendant as "Mom and Pops" (these two defendants are set for sentencing before Judge Ellis in November for their role in this overarching drug conspiracy). The purpose of the defendant's visit was to engage in drug transactions at the home, including the purchase of crack cocaine from Hale.

On March 21, 2007, co-defendants Nicole L. Whitaker, Hanna M. Teklu, Rebecca E. Rothlein, and another female conspirator were arrested by Prince William County, Virginia law enforcement authorities for possession of crack cocaine with intent to distribute. The women were arrested in a motel room at the Econo Lodge motel, located in Dumfries, Virginia. Recovered by law enforcement from the room were the following drugs and paraphernalia belonging to the defendant and others: at least 10 grams of crack cocaine packaged in distribution quantities, several digital scales (used to weigh drugs for distribution), approximately 200 jewelry bags (used to package drugs for distribution), and several crack pipes. All four of the women arrested worked for the defendant in his drug trafficking activities.

4

From the time of Hale's arrest on March 5, 2007, on related drug charges, until the defendant's arrest on May 13, 2007, on state drug charges in Prince William County, Virginia, the defendant obtained crack cocaine from another source in Washington, D.C., that he met through Hale. Defendant purchased 1/2 ounce to 1 ounce quantities of crack cocaine from this source several times per week. Sometimes the defendant would have to wait while the source finished cooking the crack cocaine.

Throughout this conspiracy, upon obtaining crack cocaine from his various sources and following the drugs transport to Prince William County, Virginia by defendant, Hale, Sneed, Swaney, and others in the conspiracy, the defendant would cut and package the crack cocaine into distribution quantities. Defendant typically prepared packages of drugs containing seven (or multiples of seven) "$20" or "$50" rocks of crack cocaine (approximately 1/4 gram and 1/2 gram of crack for each rock, respectively) which the defendant then fronted on a daily basis to his drug "runners," including, but not limited to, co-defendants Terry Swaney, Aubrey R. Sneed, Nicole L. Whitaker, Hanna M. Teklu, Ralph Ewell, and others, who distributed the drugs on defendant's behalf and then returned the profits from the sale of those drugs to the defendant.

Defendant and his drug runners distributed the crack cocaine to drug users and drug dealers at various locations in Prince William County, Virginia, but mostly regularly at Gregg and Linda Vickery's residence in Dale City, Virginia; a townhouse on Point Pleasant Lane, in Dumfries, Virginia, where Hale, defendant, and other co-defendants and conspirators often stayed; an apartment on Tyler Circle, in Woodbridge, Virginia; a residence on Forestdale Drive, in Dale City, Virginia; a residence on Burleigh Lane, in Dale City, Virginia; and several motels, including the Sleep Inn, Super 8, and Econo Lodge in Dumfries, Virginia, and the Rodeway Inn

5

in Woodbridge, Virginia. Oftentimes, the owners of the residences would receive personal use amounts of crack cocaine from the defendant or his runners in exchange for allowing the drug deals to take place at their residences.

The conspiracy the defendant engaged in consisted of five or more participants and the defendant played an organizer and leadership role such that he: (a) directed others to coordinate and obtain multiple ounce purchases of crack cocaine for him on a weekly basis from their crack cocaine sources in Washington, D.C., and elsewhere, for purposes of re-distribution in Prince William County; (b) directed others, including co-defendants Terry Swaney, Aubrey B. Sneed, Nicole L. Whitaker, Rebecca E. Rothlein, and conspirator Christine A. Hale, to transport him, in their, his, or his wife's vehicles, to various locations within Washington, D.C., Maryland, and Virginia, and elsewhere, to obtain the crack cocaine for purposes of re-sale; (c) lent several vehicles owned by him or his wife to his drug associates to obtain, transport, and then distribute his crack cocaine in Prince William County; (d) paid others, often in personal use amounts of crack cocaine, for allowing him and his drug associates to conduct drug transactions in their residences; (e) managed the distribution of his crack cocaine by fronting packages compromised of seven or more baggies of "$20," "$50," and other quantity rocks of crack cocaine, to no less than five drug runners, who distributed defendant's packaged crack cocaine on his behalf to drug customers within Prince William County, and returned the cash proceeds from those sales to defendant; (f) cut and packaged crack cocaine for re-distribution, and had others assist him in the packaging of his crack cocaine, for example, by purchasing for him the small baggies used to package the crack cocaine for re-distribution; and (g) paid for, supplied and utilized cellular phones and/or calling cards to facilitate the communication between himself and his co-

defendants and conspirators regarding the activities of the drug enterprise and to coordinate drug

deals.

In its original Pre-Sentence Report prepared before the cocaine base guidelines changed

on November 1, 2007, the U.S. Probation Office calculated a base offense 38 (as stipulated by

the parties for a drug quantity of 1.5 kilograms or more of crack cocaine), plus 4 levels for the

defendant's leadership role (which the parties stipulated to), minus three levels for acceptance of

responsibility. The government moved in its response to the PSR to award the defendant a third

point for the acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(b). At Total Offense

Level 39 and Criminal History Category III, the defendant faced 324-405 months.

Under the cocaine base guidelines changes which took effect November 1, 2007, the

defendant's base offense level would become 36, two levels down from base offense level 38

(crack cocaine in the amount of 1.5 kilograms or more).  Factoring in the four level upward

adjustment for role and three level downward adjustment for acceptance, under these post-

November 1st guidelines, the defendant is at Total Offense Level 37 / Criminal History Category

III or 262-327 months.

### ARGUMENT

In *United States v. Booker*, 543 U.S. 220, 264 (2005), the Supreme Court made clear that

sentencing courts should "consult [the Sentencing] Guidelines and take them into account when

sentencing." *See also United States v. Biheiri*, 356 F.Supp.2d 589, 593 (2005) ("Justice Breyer's

majority opinion in [*Booker*] sensibly teaches that the Sentencing Guidelines must still be taken

into account pursuant to 18 U.S.C. § 3553(a) in fashioning an appropriate sentence.").  The

Supreme Court provided this direction to promote the sentencing goals of Congress, namely to

"'provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities[.]'" *Booker,* 543 U.S. at 264 (*quoting* 28 U.S.C. § 991(b)(1)(B)). The Fourth Circuit has provided the following guidance in the wake of *Booker*:

> A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Thus, sentencing courts must consider the factors outlined in 18 U.S.C. § 3553(a), including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. §3553(a)(2)(A) and (B); *Biheiri*, 356 F.Supp.2d at 594.

**I.** **A sentence within the post-November 1st guidelines range of 262-327 months complies with the factors and considerations set forth in 18 U.S.C. § 3553(a) and (b).**

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*Nature and Circumstances of the Offense*: Applying these sentencing factors to the facts of this case demonstrates that a sentence within the guidelines range of 262-327 months incarceration for Count One is appropriate and reasonable. The defendant pleaded guilty to conspiring to distribute over 1.5 kilograms of crack cocaine which he obtained from several

sources for re-distribution in the Eastern District of Virginia. Defendant engaged in a conspiracy

with six other co-defendants as well as several other indicted and unindicted conspirators to sell

the dangerous Schedule II drug on a daily basis both for individuals' personal use as well as to

other crack dealers for further re-distribution. Much of this crack cocaine was distributed by

defendant and his co-defendants and conspirators from well-known local crack houses and local

motels. Defendant employed co-defendants and conspirators to coordinate the purchases,

transport the crack cocaine, and distribute it in packages he bagged. The defendant controlled the

conspiracy through negotiating the prices, providing the vehicles, and ensuring cellular phone

access to facilitate communications on drug transactions.

Crack cocaine is a powerful narcotic that is abused at a significant cost to the users, the

medical community, law enforcement, and society in general. Consequently, the nature of the

offense and the type and quantity of drug distributed supports that a sentence on Count One

within the guidelines range of 262-327 months is appropriate. Such a sentence will reflect the

seriousness of the offense, promote respect for the law, provide just punishment for the offense,

afford adequate deterrence to criminal conduct by the defendant and others who would engage in

such illegal conduct and protect the public from further crimes of the defendant.

*History and Characteristics of Defendant*: In addition, the defendant has reported a

history of substance abuse, although the information obtained by the government during its

investigation suggests his substance abuse history predates January 2007, which is when the

defendant claims his use and abuse began. The fact that the defendant does not appear to be

completely forthcoming in this respect was also noted by the Probation Officer in the PSR, who

explained that in past presentence reports, the defendant admitted to marijuana use and an

escalation in drug use at times when he was arrested on drug related charges. In any event, the defendant reports he began experimenting weekly with crack cocaine in January 2007, but increased thereafter to using it three to four times a week. What is clear, is that the defendant engaged in drug trafficking not only to fuel his and others' habits but to reap the profitable rewards from that trafficking that sustained his ability to continue trafficking in significant quantities. A guidelines sentence within 262-327 months will remove the defendant from an environment where he has had access to harmful drugs and will afford the defendant an adequate opportunity to receive the substance abuse treatment within the correctional system that he clearly needs. At the same time, such a sentence will protect the public from the defendant's illegal drug distribution activities. A sentence within 262-327 months will also reflect the seriousness of the offense, provide just punishment for the offense, and afford adequate deterrence to criminal conduct by the defendant and others who would engage in such illegal conduct.

**CONCLUSION**

Therefore, for the above-stated reasons, the United States believes that a sentence within the guidelines range of 262-327 months would be reasonable and would account for each of the factors set forth in 18 U.S.C. § 3553(a). Therefore, the United States respectfully asks this Court to impose upon the defendant a sentence within the applicable 262-327 months guidelines range; the government defers to the Court to determine where within that range the defendant's sentence should fall.  The government also seeks imposition of a period of supervised release of at least five years.

<div style="margin-left: 40%;">

Respectfully submitted,

Chuck Rosenberg
United States Attorney

By:       _____/s/_____
              Meredith A. Mills
              Special Assistant United States Attorney
              VSB: n/a
              Attorney for the United States
              United States Attorney's Office
              2100 Jamieson Avenue
              Alexandria, Virginia 22314
              Tel: 703-299-3700
              Fax: 703-837-8242
              Meredith.Mills2@usdoj.gov

</div>

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy of the foregoing Position of the United States with Respect to the Presentence Report was filed by CM/ECF on the 3rd day of November 2007. A Notice of Electronic Filing will be served on:

John O. Iweanoge, Jr.
VSB:
Attorney for Defendant
The Iweanoges Firm, P.C.
1026 Monroe Street, NE
Washington, D.C. 20017
Tel: (202) 347-7026
Fax: (202) 347-7108 '
joi@iweanogesfirm.com


A facsimile copy has been served on:

William Byerley, Probation Officer
U.S. Probation Office – Manassas
10500 Battleview Parkway
Manassas, Virginia 20109-2342
Tel: (703) 366-2100 main / -2141
Fax: (703) 366-2150


                                  Respectfully submitted,

                                  Chuck Rosenberg
                                  United States Attorney

By:          /s/
                                  Meredith A. Mills
                                  Special Assistant United States Attorney
                                  VSB: n/a
                                  Attorney for the United States
                                  United States Attorney's Office
                                  2100 Jamieson Avenue
                                  Alexandria, Virginia 22314
                                  Tel: 703-299-3700
                                  Fax: 703-837-8242
                                  Meredith.Mills2@usdoj.gov